UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASEY MCCONNELL,

    Plaintiff,

v.                                    Case No. 3:22-cv-646-TJC-MCR

COSTCO WHOLESALE
CORPORATION,

    Defendant.

## ORDER

This case is before the Court on several Daubert motions and motions in limine filed by Plaintiff Casey McConnell and Defendant Costco Wholesale Corporation (Costco) in anticipation of trial, which is scheduled to start on October 13, 2023. (Docs. 19, 32, 45, 46, 47). On September 20, 2023, the Court held a final pretrial conference to discuss the motions and resolve any other matters before trial, the record of which is incorporated by reference.

**I.   DAUBERT MOTIONS**[1]

Costco's motions to exclude expert testimony pursuant to Daubert (Docs. 19, 32) are denied in part and deferred in part. The motion to exclude the expert

---

[1] McConnell contends that since the doctors are treating physicians, their testimony does not need to satisfy the standard set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). A treating physician offers lay testimony to which Daubert does not apply when they testify about treatment and diagnosis of an injury. Wilson v. Taser Intern., Inc., 303 F. App'x 708, 712–

testimony of Dr. Thomas Brown is denied as moot because McConnell's counsel represented at the final pretrial conference that Dr. Brown will not testify. As for Dr. Frederick Moore and Dr. Alan Miller, there is no doubt they are qualified experts, but Costco's motions raise significant issues with regard to Dr. Moore's and Dr. Miller's abilities to reliably testify about causation. However, allowing these issues to be brought out via cross-examination, rather than excluding the testimony, is appropriate under Daubert. Likewise, the motion to exclude the expert testimony of Lisa Hellier is denied. Finally, the Court defers ruling on the motion to exclude the expert testimony of Dr. Timothy Syperek and will need to hear a proffer of expected testimony from Dr. Syperek before ruling on whether his proposed expert testimony is admissible.

## II.   OMNIBUS MOTIONS IN LIMINE[2]

McConnell's Motion in Limine B (Doc. 47 at 2) is granted in part and denied in part as stated on the record at the final pretrial conference. The

---

13 (11th Cir. 2008). However, "once the treating physician expresses an opinion unrelated to treatment which is based on scientific, technical, or other specialized knowledge," Daubert applies. Id. at 712 (quotation marks and citations omitted). For example, when a physician does not need to know the cause of an injury to treat it, any statements about the cause of an injury are hypotheses subject to Daubert. Id. at 712–13. Thus, if the doctors intend to testify about the cause of McConnell's injuries, or give any other opinion unrelated to treatment or diagnosis, their testimony needs to satisfy the standard set forth in Daubert.

[2] The Court only rules on the issues which were left unresolved by the parties after they conferred.

remaining motions were taken under advisement at the final pretrial conference, and the Court now discusses them in turn.

McConnell's Motion in Limine C (Doc. 47 at 2–3) is granted in part. Any discussion of mental health must first be proffered outside the presence of the jury.

Section 768.0427 was created by Chapter 2023-15, Laws of Florida, which reads: "this act shall apply to causes of action filed after the effective date of this act." Ch. 2023-15, § 30, Laws of Fla. The effective date of the act was March 24, 2023, and this case was filed in state court on April 26, 2022. (Doc. 1). The "plain meaning of the statute is always the starting point in statutory interpretation." Alachua Cnty. V. Watson, 333 So. 3d 162, 169 (Fla. 2022) (quoting GTC, Inc. v. Edgar, 967 So. 2d 781, 785 (Fla. 2007)). "Statutes are presumed to be prospective in application unless the Legislature manifests an intention to the contrary." Fleeman v. Case, 342 So. 2d 815, 817 (Fla. 1976). Here, there is no indication that the legislature intended the statute to apply retroactively. Indeed, the statute expressly provides that it applies prospectively. Thus, Costco's motion to apply § 768.0427 retroactively (Doc. 45) is denied.[3]

---

[3] Most, but not all, state trial courts have so far agreed. See, e.g., Williams v. Wolf, No. 16-2019-CA-008017 (Fla. 4th Cir. Ct. June 15, 2023); Miskiel v. Dukes, No. 2018-CA-2401 (Fla. 6th Cir. Ct. June 2, 2023); Rizzolo v. Atkins, No. 2023-CA-4136 (Fla. 4th Cir. Ct. Aug. 4, 2023); but see Sapp v. Brooks, No. 17-

Costco's Motion in Limine 1 (Doc. 46 at 1–2) is denied because the Court declines to apply § 768.0427 retroactively. Costco's Motion in Limine 5 (Id. at 2) is also denied, assuming there is medical testimony to support the life care plan.

Accordingly, it is hereby

**ORDERED:**

1. Costco's Motion to Exclude Expert Testimony and Opinions (Doc. 19) is **DENIED in part** and deferred in part as set forth above.

2. Costco's Motion to Exclude Expert Testimony and Opinions (Doc. 32) is **DENIED**.

3. Costco's Motion for Retroactive Application of Fla. Stat. § 768.0427 (Doc. 45) is **DENIED**.

4. Costco's Motions in Limine 1 and 5 (Doc. 46 at 1–2) are **DENIED**.

5. McConnell's Motions in Limine B and C (Doc. 47 at 2–3) are **GRANTED in part as stated.**

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of October, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

---

CA-5664 (Fla. 13th Cir. Ct. May 19, 2023). There are no state appellate decisions yet.

4

hkf
Copies:

Counsel of record

5